## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

CLEAR IMAGING RESEARCH, LLC,

                    Plaintiff,

       v.

LENOVO GROUP LIMITED,

                   Defendant.

Case No.  2:25-cv-240

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST LENOVO GROUP LIMITED

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Clear Imaging Research, LLC ("Plaintiff" or "Clear Imaging") makes the following allegations against Defendant Lenovo Group Limited ("Defendant" or "Lenovo"):

## INTRODUCTION

1.    This complaint arises from Lenovo's unlawful infringement of the following United States patents concerning improvements in digital imaging processing:  United States Patent Nos. 9,800,788 ("the '788 Patent"), 9,860,450 ("the '450 Patent"), 9,013,587 ("the '587 Patent"), 8,630,484 ("the '484 Patent"), 10,171,740 ("the '740 Patent"), 11,165,961 ("the '961 Patent"), and 11,457,149 ("the '149 Patent") (collectively, the "Asserted Patents").

## PARTIES

2.    Plaintiff Clear Imaging Research, LLC is a Delaware limited liability company, with its principal place of business at 5 Hilldale Lane, Sands Point, NY 11050.  Clear Imaging is

the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3.      Defendant Lenovo Group Limited ("Lenovo") is a foreign company organized and existing under the laws of China, with its headquarters at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. of China.  Lenovo does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its wholly-owned subsidiaries.  Lenovo is responsible for importing, making, marketing, distributing, offering for sale, and/or selling Lenovo and Motorola-branded laptops, smartphones, and tablets in the United States (directly or through its wholly-owned subsidiaries), including in this District.

4.      Lenovo induces its subsidiaries, affiliates, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products (such as Lenovo and Motorola-branded laptops, smartphones, and tablets) and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.  Lenovo purposefully directs the Accused Products into established distribution channels within this District and the U.S. nationally.  For example, Lenovo sells and offers to sell the Accused Products through its website, Lenovo.com, which may be accessed throughout the United States, the State of Texas, and this District.  Additionally, Lenovo has authorized sellers and sales representatives that offer for sale and sell the Accused Products throughout the State of Texas and to consumers throughout this District, such as:  Best Buy, 422 West Loop 281, Suite 100, Longview, Texas 75605; Costco Wholesale, 3650 West University Drive, McKinney, Texas 75071; Office Depot, 422 West Loop

281, Suite 300, Longview, Texas 75605; Target, 3092 North Eastman Road, Suite 100, Longview, Texas 75605; and Wal-Mart, 1701 East End Boulevard North, Marshall, Texas 75670.

5.      Lenovo maintains a corporate presence in the United States via at least its wholly-owned subsidiaries, including Lenovo (United States) Inc. ("Lenovo US"), Lenovo Global Technology (United States) Inc. ("Lenovo Tech."), and Motorola Mobility LLC ("Motorola").

6.      Lenovo US is a corporation organized and existing under the laws of Delaware, with a corporate headquarters located at 1009 Think Place, Morrisville, NC 27560.  Lenovo US is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

7.      Lenovo Tech. is a corporation organized and existing under the laws of Delaware, with a corporate headquarters located at 1009 Think Place, Morrisville, NC 27560.  Lenovo Tech. is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8.      Motorola is a limited liability company organized and existing under the laws of Delaware, with a corporate headquarters located at 222 W. Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.  Motorola is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.  Lenovo acquired Motorola in 2014 as a wholly-owned subsidiary for purposes of expanding its presence in the U.S. smartphone market.    Ex. 1 (Lenovo Acquisition of Motorola Mobility) (https://news.lenovo.com/pressroom/press-releases/lenovo-completes-full-acquisition-motorola-mobility-from-Lenovo/).

9.      Lenovo and its U.S.-based subsidiaries (which act as part of a global network of sales and manufacturing subsidiaries) operate as agents of one another and vicariously as parts of

the same business group to work in concert together.  For example, Lenovo's 2023/24 Annual Report (entitled "Lenovo Group Limited 2023/24 Annual Report") describes Lenovo and its subsidiaries as follows:

> Lenovo Group Limited (the "Company") and its subsidiaries (together, the "Group") develop, manufacture and market reliable, high-quality, secure and easy-to-use technology products and services. Its product lines include legendary Think-branded commercial personal computers and Idea-branded consumer personal computers, as well as servers, workstations, and a family of mobile internet devices, including tablets and smartphones.

Ex. 2 (2023/24 Annual Report) at 179 (https://investor.lenovo.com/en/publications/reports.php?year=2024).  Lenovo identifies U.S.-based subsidiaries (including but not limited to Lenovo US, Lenovo Tech., and Motorola) in its list of "principal subsidiaries."  *Id.* at 261, 263, and 264.  Lenovo describes its "principal subsidiaries" as follows:

> The following includes the principal subsidiaries directly or indirectly held by the Company and, in the opinion of the directors, are significant to the results of the year or form a substantial portion of the net assets of the Group. The directors consider that giving details of other subsidiaries would result in particulars of excessive length.

*Id.* at 259.  Lenovo identifies its 2024 "percentage of issued share capital held" for Lenovo US, Lenovo Tech., and Motorola as "100%."  *Id.* at 261, 263, and 264.  Further, Lenovo identifies the "principal activities" for Lenovo US as "[d]istribution of IT products," the "principal activities" for Lenovo Tech. as "[p]rovision of IT services and distribution of IT products," and the "principal activities" for Motorola as "[d]eveloper, owner, licensor and seller of communications hardware and software."  *Id.*   As such, Lenovo US, Lenovo Tech., and Motorola are agents of Lenovo.  At the direction and control of Lenovo, U.S.-based subsidiaries (including but not limited to Lenovo US, Lenovo Tech., and Motorola) make, use, import, offer to sell, and/or sell Lenovo-branded and Motorola-branded smartphones and tablets that infringe the Asserted Patents, including in the State of Texas and this District.

10.     Lenovo's interrelated relationship with its subsidiaries is further evidenced by the fact it shares management-level employees with its U.S.-based subsidiaries.   For example, Lenovo's Executive Vice President and President of International Markets, Matthew Zielinski, is one of Lenovo's "Leaders" and a member of Lenovo's Executive Committee who resides and works in Texas.  *See* Ex. 2 (2023/24 Annual Report) at 150 (listing Mr. Zielinski as a member of senior management); Ex. 3 (Lenovo Leadership) (https://www.lenovo.com/us/en/about/who-we-are/our-leadership/); *see also* Ex. 4 (Zielinski LinkedIn) (https://www.linkedin.com/in/matthew-zielinski/).   Mr. Zielinski "is responsible for Lenovo's go-to-market charge across markets throughout Asia Pacific, Japan, EMEA, Latin America, and North America" and he "leads the global sales teams to drive revenue and profit for all Lenovo businesses." *Id.*  In addition, Sergio Buniac is the Senior Vice President of Mobile Business Group and President of Motorola.  *See* Ex. 3 (Lenovo Leadership) (https://www.lenovo.com/us/en/about/who-we-are/our-leadership/); Ex. 5 (Buniac LinkedIn) (https://www.linkedin.com/in/sergio-buniac-388974123/); *see also* Ex. 6 (Motorola Executive Team) (https://www.motorola.com/us/en/about/motorola-executive-team.html).  Mr. Buniac "leads all facets of Lenovo's Mobile business – including R&D, product, sales, strategy, and supply chain – across global markets."  *See* Ex. 3 (Lenovo Leadership) (https://www.lenovo.com/us/en/about/who-we-are/our-leadership/).     In addition, Francois LaFlamme is the Chief Marketing & Strategy Officer of Lenovo's Mobile Business Group who is "responsible for Motorola's global marketing strategy across brand, product campaigns, CRM, social/digital, and global marketing operations."   Ex. 6 (Motorola Executive Team) (https://www.motorola.com/us/en/about/motorola-executive-team.html).     Mr. LaFlamme's responsibilities as the Chief Strategy Officer include "driving the global business strategy, strategic initiatives and global partnerships." *Id.*  In addition, Doug Fisher is the Senior Vice President and

Chief Security and AI Officer at Lenovo. Ex. 3 (Lenovo Leadership) (https://www.lenovo.com/us/en/about/who-we-are/our-leadership/). In that role he has "worldwide responsibility and oversight for the integrity of Lenovo's enterprise infrastructure, supply chain, products, services and solutions, and data protection." *Id.*; Ex. 7 (Fisher LinkedIn) ( https://www.linkedin.com/in/doug-fisher-8534092/ ). For example, Laura Quatela is the Senior Vice President, Chief Legal & Corporate Responsibility Officer at Lenovo. Ex. 3 (Lenovo Leadership) (https://www.lenovo.com/us/en/about/who-we-are/our-leadership/); Ex. 2 (2023/24 Annual Report) at 148 (listing Ms. Quatela as a member of senior management); Ex. 8 (Quatela LinkedIn) (https://www.linkedin.com/in/laura-g-quatela-2923242/). Lenovo holds an annual meeting each year which is attended, in relevant part, by various management-level officers that are shared with Lenovo's subsidiaries such as Ms. Quatela. *See* Ex. 2 (2023/24 Annual Report) at 109 ("Similar to the arrangement of annual general meetings of the Company held in recent years, the 2023 Annual General Meeting of the Company held on July 20, 2023 was a hybrid meeting… [it] was attended, among others, the Chairman of the Board/the CEO, the Chairmen of Board Committees, the Lead Independent Director, independent non-executive Directors, the Chief Financial Officer, the Chief Legal and Corporate Responsibility Officer, the Company Secretary…").[1]

11. Lenovo together with its subsidiaries has approximately 69,500 employees worldwide. Ex. 2 (2023/24 Annual Report) at 127 (referring to "the Group"); *id.* at 125 ("Lenovo's compensation serves to support the Company's business strategy, assist in the attraction and retention of top talent, reinforce the Company's pay-for-performance culture, as well as reflecting market practices of other leading international technological enterprises, with particular focus on

---

[1] All emphasis added unless stated otherwise.

Lenovo's closest competitors."). Lenovo provides "a number of retirement schemes for its employees, including executive directors and senior management." Ex. 2 (2023/24 Annual Report) at 127 (referring to "the Company"). In addition, Lenovo "has launched an employee share purchase plan [ ] since October 2016. The purpose of the Plan is to facilitate and encourage Lenovo share ownership by the general employee population." *Id.* at 129 (referring to "the Company").

12.     Lenovo's shares are listed on the Stock Exchange and traded in the United States through an American Depositary Receipt (ADR) Level 1 Programme. Ex. 2 (2023/24 Annual Report) at 113 (referring to "the Company").

13.     Lenovo's 2023/24 Annual Report identifies Lenovo's website as www.lenovo.com. Ex. 2 (2023/24 Annual Report) at 268. Lenovo's website lists its headquarters in both China and the United States, and identifies sales offices worldwide. *See* Ex. 9 (Lenovo Locations) ( https://www.lenovo.com/us/en/about/locations/ ). Under the heading "About Us" on Lenovo's investor relations page, Lenovo lists the relevant corporate entity as "Lenovo Group Limited," lists "Key Operations Centers" in both China and the United States, and identifies its relevant website as        www.lenovo.com.        *See*        Ex.        10        (Lenovo        Corporate        Information) ( https://investor.lenovo.com/en/about/corpinfo.php ). Customers can purchase Lenovo-branded laptops, smartphones, and tablets through the www.lenovo.com website. *See*, *e.g.*, Ex. 11 (Lenovo Customer Site) ( https://www.lenovo.com/us/en/tablets/ ).

14.     Motorola's website identifies Motorola Mobility LLC as a wholly-owned subsidiary of Lenovo:

© 2025 Motorola Mobility LLC. All Rights Reserved.
MOTOROLA and the Stylized M Logo are registered trademarks of Motorola Trademark Holdings, LLC
All mobile phones are designed and manufactured by Motorola Mobility LLC, a wholly owned subsidiary of Lenovo.
Android, Google, Google Play, Nexus and other marks are trademarks of Google Inc. The Android robot is reproduced or modified from work created and shared by Google and used according to terms described in the Creative Commons 3.0 Attribution License.

Ex. 12 (Motorola Customer Site) (https://www.motorola.com/us/en/homepage.html?srsltid=AfmBOorJ0C7qVaw3_NPkSZOSd5Qwh7wqYC4cxOsGQDeMHzV0JUlHQj_6).    Customers can purchase Motorola-branded smartphones and tablets through the Motorola website.    *Id.* Motorola's website links customers directly to www.lenovo.com and directly sells Lenovo-branded tablets:



*Id.*; *see also* Ex. 13 (Motorola Site – Lenovo Tablet) (https://www.motorola.com/us/en/p/phones/moto-e/lenovo-tab-p11/zzitztatb7j?pn=ZABF0309US).    Customers can also purchase Motorola-branded smartphones through Lenovo's website.    *See* Ex. 14 (Motorola Smartphone on Lenovo Site) (https://www.lenovo.com/us/en/search?fq=&text=motorola&rows=20&sort=relevance).

15.    Lenovo, alone and through its U.S.-based subsidiaries (such as Lenovo US, Lenovo Tech., and Motorola), places such infringing products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.    Lenovo has derived substantial revenue from infringing acts in the United States, including from the sale and use of infringing products. *See* Ex. 2 (2023/24 Annual Report) at 187 (showing revenues for "Americas").

## JURISDICTION AND VENUE

16.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.    This Court has personal jurisdiction over Lenovo in this action because Lenovo has committed acts within Texas (and this District) giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Lenovo would not offend traditional notions of fair play and substantial justice.  Lenovo, directly and/or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents.  Courts in Texas have concluded that Lenovo is subject to personal jurisdiction in the State of Texas.  *See Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*, No. 2:23-CV-00449-JRG, 2024 WL 4519760, at *5 (E.D. Tex. Oct. 17, 2024) ("the Court finds that the exercise of personal jurisdiction over LGL is both reasonable and fair."); *see also ACQIS LLC v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 307 (W.D. Tex. 2021) ("this Court finds that the exercise of personal jurisdiction over [Lenovo Group Limited] is both reasonable and fair.").

18.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Lenovo, directly and/or through subsidiaries or intermediaries, has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.  Venue is also proper as to Lenovo because it is a foreign corporation organized under the laws of China and suits

against foreign entities are proper in any judicial district.  *See* 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## BACKGROUND

### A.    Clear Imaging Research

19.    Clear Imaging Research was founded by Fatih Ozluturk, a Ph.D. in Electrical Engineering, the sole inventor on each of the patents in the portfolio, and an accomplished innovator.  Indeed, Dr. Ozluturk is an inventor on nearly 500 issued U.S. patents and pending patent applications, making him one of the most prolific patentees living in the United States.  Dr. Ozluturk has a history of inventing solutions that have proved to be significant beyond camera technology and include multiple generations of wireless technologies, including 3G and 4G LTE.

20.    After receiving his Ph.D. in Electrical Engineering from the University of Massachusetts, Amherst, Dr. Ozluturk went to work as an engineer at InterDigital, a well-known mobile technology research and development company based in Delaware.  Dr. Ozluturk worked at InterDigital for seventeen years and became one of the key technology inventors at InterDigital.  Dr. Ozluturk received a number of awards for his technical leadership and innovation, including the "Outstanding Young Engineer" award from the Long Island Chapter of the IEEE in 2001 and the "Chairman's Award" from InterDigital in 2011.  "Fatih's groundbreaking inventions span multiple generations of wireless technology and directly benefit the entire wireless ecosystem and billions of consumers globally."  Ex. 15 (https://www.businesswire.com/news/home/20110418006517/en/%20InterDigital-Honors-Dr.-Fatih-Ozluturk-Inventor-Named).

21.    Dr. Ozluturk is also an avid photographer.  In the early 2000s, he began selling some of his photographs.  He worked out of a photography studio in Manhattan and before the

days of digital photography had a "dark room" for developing photos and producing his own prints.  As an early adopter of digital cameras and with his understanding of signal processing, he recognized that the digital cameras that were available at the time produced blurry images—not the high-quality images that could be printed into beautiful photographs, and also lacked dynamic range.

22.    By combining his background in electrical engineering and signal processing with his knowledge of photography, Dr. Ozluturk developed a number of patented inventions that enable a digital camera to produce high-quality photos and video.  For example, Dr. Ozluturk invented a way for a digital camera to remove or avoid blur in photos and video by combining multiple consecutive images (or bursts) obtained though the device's image sensor.  Dr. Ozluturk also invented various means to provide digital image stabilization that provides for smoother videos.  Other inventions in the Clear Imaging portfolio include being able to differentiate the foreground and background of images and processing them differently, as is widely used in Portrait mode of smartphones and digital cameras now.  Dr. Ozluturk filed his first provisional patent application on March 25, 2004 and the initial utility application on March 24, 2005—well before the announcement, much less the release of any smartphones, including Lenovo and Motorola smartphones.  Clear Imaging's patent portfolio currently has 40 issued US patents and open applications.

23.    Clear Imaging has successfully licensed its patents to a majority of large smartphone and/or camera manufacturers and currently has 13 licensees, including from industry giants such as Samsung. Ex. 16 (https://www.prweb.com/releases/Clear_Imaging_Research_Signs_Patent_License_Agreement

_With_Samsung/prweb17939795.htm).  Lenovo, however, still has not taken a license to Clear Imaging's technology and instead has continued to sell millions of infringing devices in the U.S.

      **B.**    **Clear Imaging's Pre-Suit Communications With Lenovo**

     24.    On May 20, 2021, Clear Imaging sent Lenovo a letter identifying various products and functionality that infringed Clear Imaging's patents, including U.S. Patent Nos. 9,860,450 ("the '450 Patent"), 8,630,484 ("the '484 Patent"), 9,800,788 ("the '788 Patent"), 10,171,740 ("the '740 Patent"), and 9,013,587 ("the '587 Patent")—each of which Clear Imaging asserts in this action.  Ex. 17.  On July 14, 2021, Clear Imaging held an introductory call with Lenovo to discuss Clear Imaging's patents.  Later, on November 3, 2021, Clear Imaging sent Lenovo five claim charts (including charts on the asserted '450, '484, '740, and '587 Patents).  Clear Imaging and Lenovo held a follow-up video conference on December 14, 2021.

     25.    The parties exchanged additional correspondence in early 2022 and held another video conference on March 16, 2022.  After additional communications, Clear Imaging and Lenovo held another video conference on June 23, 2022, where Clear Imaging presented Lenovo with a licensing proposal and sent Lenovo a slide presentation with its proposed licensing terms. The parties followed up with additional video conferences on August 30 and November 22, 2022. Lenovo promised to provide an analysis of Clear Imaging's patents, but Lenovo never provided any such analysis.

     26.    After the November 22, 2022 conference, Clear Imaging sent numerous communications to Lenovo, but Lenovo largely ceased communicating with Clear Imaging.  For example, Clear Imaging followed up with Lenovo regarding the November 22, 2022 conference the next day and six more times over the next year-and-a-half.  None of those follow-ups received a response from Lenovo.

27.    Given Lenovo's non-responsiveness, Clear Imaging sought alternative communications channels at Lenovo.  For example, on August 24, 2023, Clear Imaging sent an updated notice letter to Lenovo identifying additional infringed patents, including U.S. Patent Nos. 11,165,961 ("the '961 Patent") and U.S. Patent No. 11,457,149 ("the '149 Patent").  Ex. 18. Lenovo never responded to that letter.  Clear Imaging then sent another updated notice letter via email on December 5, 2023.  Lenovo did not respond to that correspondence either.

28.    On March 1, 2024, Clear Imaging sent a communication to Lenovo highlighting that Lenovo failed to respond to the August 24, 2023 letter along with a copy of the letter and requested a response or a call to discuss Lenovo's need to take a license.  On March 7, 2024, Lenovo responded by identifying a Lenovo point of contact for further discussions and said that the identified point of contact would respond the following week.  That same day, Clear Imaging reached out to that identified point of contact via email, but received an automated out-of-office message indicating that the identified point of contact would return on April 21, 2024.  While Lenovo did respond on December 5, 2024, Lenovo has since broken off communications again.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,800,788

29.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,800,788, titled "Method and apparatus for using motion information and image data to correct blurred images." The '788 Patent was duly and legally issued by the United States Patent and Trademark Office on October 24, 2017.  A true and correct copy of the '788 Patent is attached as Exhibit 19.

31.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus, Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '788 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

32.     The Accused Products satisfy all claim limitations of one or more claims of the '788 Patent.  A claim chart comparing exemplary independent claim 8 of the '788 Patent to representative Accused Products is attached as Exhibit 20.

33.     Lenovo has notice of the '788 Patent since at least May 20, 2021, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to Clear Imaging's patents (including the '788 Patent).  Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

34.    Lenovo knowingly and intentionally induces infringement of one or more claims of the '788 Patent in violation of 35 U.S.C. § 271(b).  As of May 20, 2021 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '788 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '788 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 20) to use the Accused Products in ways that directly infringe the '788 Patent.  For example, Lenovo advertises that the Accused Products, such as the Moto Edge+, include video stabilization functionality.  Ex. 21 (https://en-us.support.motorola.com/app/answers/detail/a_id/153858).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through instructions on how to record videos with video stabilization on Moto Edge+    smartphones.    Ex.    22    (https://en-us.support.motorola.com/app/answers/detail/a_id/164598/~/record-videos---motorola-edge-+-(2022)).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '788 Patent, thereby specifically intending for and inducing its customers to infringe the '788 Patent through the customers' normal and customary use of the Accused Products.

35.    Lenovo has also infringed, and continues to infringe, one or more claims of the '788 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '788 Patent, are especially made or adapted to infringe the '788 Patent, and are not staple

articles or commodities of commerce suitable for non-infringing use.  As of May 20, 2021 (or at least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '788 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '788 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's Moto Edge+ smartphones with video stabilization constitute a material part of the inventions claimed in the '788 Patent, are especially made or adapted to infringe the '788 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 20.

36.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '788 Patent pursuant to 35 U.S.C. § 271.

37.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '788 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '788 Patent during the relevant time period or were not required to mark during the relevant time period.

38.    As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least May 20, 2021, but has not ceased its infringing activities.  Lenovo's infringement of the '788 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '788 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

39.     As a result of Lenovo's direct and indirect infringement of the '788 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,860,450

40.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,860,450, titled "Method and apparatus to correct digital video to counteract effect of camera shake." The '450 Patent was duly and legally issued by the United States Patent and Trademark Office on January 2, 2018.  A true and correct copy of the '450 Patent is attached as Exhibit 23.

42.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus,

Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '450 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

43.    The Accused Products satisfy all claim limitations of one or more claims of the '450 Patent.  A claim chart comparing exemplary independent claim 14 of the '450 Patent to representative Accused Products is attached as Exhibit 24.

44.    Lenovo has notice of the '450 Patent since at least May 20, 2021, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to Clear Imaging's patents (including the '450 Patent).  Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

45.    Lenovo knowingly and intentionally induces infringement of one or more claims of the '450 Patent in violation of 35 U.S.C. § 271(b).  As of May 20, 2021 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '450 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '450 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 24) to use the Accused Products in ways that directly infringe the '450 Patent.  For example, Lenovo advertises that the Accused Products, such as the Moto Edge+, include video stabilization functionality.  Ex. 21 (https://en-us.support.motorola.com/app/answers/detail/a_id/153858).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing

18

manner, including through instructions on how to record videos with video stabilization on Moto Edge+ smartphones. Ex. 22 (https://en-us.support.motorola.com/app/answers/detail/a_id/164598/~/record-videos---motorola-edge-+-(2022)). Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '450 Patent, thereby specifically intending for and inducing its customers to infringe the '450 Patent through the customers' normal and customary use of the Accused Products.

46.    Lenovo has also infringed, and continues to infringe, one or more claims of the '450 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '450 Patent, are especially made or adapted to infringe the '450 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of May 20, 2021 (or at least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '450 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '450 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's Moto Edge+ smartphones with video stabilization constitute a material part of the inventions claimed in the '450 Patent, are especially made or adapted to infringe the '450 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 23.

47.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '450 Patent pursuant to 35 U.S.C. § 271.

48.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '450 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '450 Patent during the relevant time period or were not required to mark during the relevant time period.

49.     As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least May 20, 2021, but has not ceased its infringing activities.  Lenovo's infringement of the '450 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '450 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

50.     As a result of Lenovo's direct and indirect infringement of the '450 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

<u>**COUNT III**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 9,013,587**</u>

51.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,013,587, titled "Method and apparatus to correct digital image blur by combining multiple images."  The '587 Patent was duly and legally issued by the United States Patent and Trademark Office on April 21, 2015.  A true and correct copy of the '587 Patent is attached as Exhibit 25.

53.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus, Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '587 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

54.    The Accused Products satisfy all claim limitations of one or more claims of the '587 Patent.  A claim chart comparing exemplary independent claim 15 of the '587 Patent to representative Accused Products is attached as Exhibit 26.

55.    Lenovo has notice of the '587 Patent since at least May 20, 2021, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to Clear Imaging's patents (including the '587 Patent).  Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

56.    Lenovo knowingly and intentionally induces infringement of one or more claims of the '587 Patent in violation of 35 U.S.C. § 271(b).  As of May 20, 2021 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '587 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '587 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 26) to use the Accused Products in ways that directly infringe the '587 Patent.  For example, Lenovo advertises that its smartphones and tablets, such as the Moto Razr+, include "HDR" and/or "Night Vision digital camera functionality.   Ex. 27  (https://www.motorola.com/us/en/p/phones/razr/razr-plus-gen-2/pmipmgs38mh?pn=PB2J0010US).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through instructions on how to use the "HDR" and "Night Vision" camera functionality on the accused Lenovo smartphones and tablets.   Ex.   28   (https://en-us.support.motorola.com/app/answers/detail/a_id/180877);   Ex.   29   (https://en-us.support.motorola.com/app/answers/detail/a_id/175063/~/low-or-bright-light-photos---motorola-razr-%282023%29);  Ex.  30  (https://pcsupport.lenovo.com/us/en/products/tablets/a-

series/tab-10/solutions/ht100022-using-the-camera-to-take-photos-and-videos-smartphonetablet).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '587 Patent, thereby specifically intending for and inducing its customers to infringe the '587 Patent through the customers' normal and customary use of the Accused Products.

57.    Lenovo has also infringed, and continues to infringe, one or more claims of the '587 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '587 Patent, are especially made or adapted to infringe the '587 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of May 20, 2021 (or at least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '587 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '587 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's smartphones and tables with "HDR" and "Night Vision" modes constitute a material part of the inventions claimed in the '587 Patent, are especially made or adapted to infringe the '587 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 26.

58.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '587 Patent pursuant to 35 U.S.C. § 271.

59.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '587 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '587 Patent during the relevant time period or were not required to mark during the relevant time period.

60.     As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least May 20, 2021, but has not ceased its infringing activities.  Lenovo's infringement of the '587 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '587 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

61.     As a result of Lenovo's direct and indirect infringement of the '587 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,630,484

62.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

63.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,630,484, titled "Method and apparatus to correct digital image blur due to motion of subject or imaging device."

The '484 Patent was duly and legally issued by the United States Patent and Trademark Office on January 1, 2014.  A true and correct copy of the '484 Patent is attached as Exhibit 31.

64.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus, Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 with "HDR" and/or "Night Vision" ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '484 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

65.     The Accused Products satisfy all claim limitations of one or more claims of the '484 Patent.  A claim chart comparing exemplary independent claim 15 of the '484 Patent to representative Accused Products is attached as Exhibit 32.

66.     Lenovo has notice of the '484 Patent since at least May 20, 2021, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to

Clear Imaging's patents (including the '484 Patent).  Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

67.    Lenovo knowingly and intentionally induces infringement of one or more claims of the '484 Patent in violation of 35 U.S.C. § 271(b).  As of May 20, 2021 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '484 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '484 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 32) to use the Accused Products in ways that directly infringe the '484 Patent.  For example, Lenovo advertises that its smartphones and tablets, such as the Moto Razr+, include "HDR" and/or "Night Vision digital camera functionality.   Ex. 27  (https://www.motorola.com/us/en/p/phones/razr/razr-plus-gen-2/pmipmgs38mh?pn=PB2J0010US).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through instructions on how to use the "HDR" and "Night Vision" camera functionality on the accused Lenovo smartphones         and         tablets.         Ex.         28         (https://en-us.support.motorola.com/app/answers/detail/a_id/180877);         Ex.         29         (https://en-us.support.motorola.com/app/answers/detail/a_id/175063/~/low-or-bright-light-photos---motorola-razr-%282023%29);  Ex.  30  (https://pcsupport.lenovo.com/us/en/products/tablets/a-series/tab-10/solutions/ht100022-using-the-camera-to-take-photos-and-videos-smartphonetablet).   Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '484 Patent, thereby specifically intending for and inducing its

customers to infringe the '484 Patent through the customers' normal and customary use of the Accused Products.

68.    Lenovo has also infringed, and continues to infringe, one or more claims of the '587 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '587 Patent, are especially made or adapted to infringe the '484 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of May 20, 2021 (or at least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '484 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '484 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's smartphones and tables with "HDR" and "Night Vision" modes constitute a material part of the inventions claimed in the '484 Patent, are especially made or adapted to infringe the '484 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 32.

69.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '484 Patent pursuant to 35 U.S.C. § 271.

70.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '484 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '484 Patent during the relevant time period or were not required to mark during the relevant time period.

71.     As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least May 20, 2021, but has not ceased its infringing activities.  Lenovo's infringement of the '484 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '484 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

72.     As a result of Lenovo's direct and indirect infringement of the '484 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 10,171,740

73.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

74.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,171,740, titled "Method and apparatus to correct blur in all or part of a digital image by combining plurality of images." The '740 Patent was duly and legally issued by the United States Patent and Trademark Office on January 1, 2019.  A true and correct copy of the '740 Patent is attached as Exhibit 33.

75.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G

Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus, Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '740 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

76.    The Accused Products satisfy all claim limitations of one or more claims of the '740 Patent.  A claim chart comparing exemplary independent claim 20 of the '740 Patent to representative Accused Products is attached as Exhibit 34.

77.    Lenovo has notice of the '740 Patent since at least May 20, 2021, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to Clear Imaging's patents (including the '740 Patent).  Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

78.    Lenovo knowingly and intentionally induces infringement of one or more claims of the '740 Patent in violation of 35 U.S.C. § 271(b).  As of May 20, 2021 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '740 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '740 Patent,

Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 34) to use the Accused Products in ways that directly infringe the '740 Patent.  For example, Lenovo advertises that its smartphones and tablets, such as the Moto G 5G, include "Portrait Mode" digital camera functionality.    Ex.  35    (https://www.motorola.com/us/en/p/phones/moto-g/g-power-5g-gen-2/pmipmgh35m7?pn=PB000013US); Ex. 36 (https://www.lenovo.com/us/en/glossary/portrait-mode/).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through instructions on how to use "Portrait Mode" on Lenovo smartphones and tablets.  Ex. 37 (https://en-us.support.motorola.com/app/answers/detail/a_id/178440/~/taking-photos---moto-g-5g).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through instructions on how to use "Portrait Mode" on Lenovo smartphones and tablets.  Exs. 34-37.  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '740 Patent, thereby specifically intending for and inducing its customers to infringe the '740 Patent through the customers' normal and customary use of the Accused Products.

79.    Lenovo has also infringed, and continues to infringe, one or more claims of the '740 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '740 Patent, are especially made or adapted to infringe the '740 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of May 20, 2021 (or at

least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '740 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '740 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's smartphones and tablets with "Portrait Mode" constitute a material part of the inventions claimed in the '740 Patent, are especially made or adapted to infringe the '740 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 34.

80.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '740 Patent pursuant to 35 U.S.C. § 271.

81.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '740 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '740 Patent during the relevant time period or were not required to mark during the relevant time period.

82.    As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least May 20, 2021, but has not ceased its infringing activities.  Lenovo's infringement of the '740 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '740 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

83.    As a result of Lenovo's direct and indirect infringement of the '740 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

**COUNT VI**

**INFRINGEMENT OF U.S. PATENT NO. 11,165,961**

84.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

85.    Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,165,961, titled "Method and apparatus for capturing digital video." The '961 Patent was duly and legally issued by the United States Patent and Trademark Office on November 2, 2021. A true and correct copy of the '961 Patent is attached as Exhibit 38.

86.    On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus,

Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '961 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

87. The Accused Products satisfy all claim limitations of one or more claims of the '961 Patent. A claim chart comparing exemplary independent claim 8 of the '961 Patent to representative Accused Products is attached as Exhibit 39.

88. Lenovo has notice of the '961 Patent since at least August 24, 2023, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to Clear Imaging's patents (including the '961 Patent). Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

89. Lenovo knowingly and intentionally induces infringement of one or more claims of the '961 Patent in violation of 35 U.S.C. § 271(b). As of August 24, 2023 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '961 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '961 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 39) to use the Accused Products in ways that directly infringe the '961 Patent. For example, Lenovo advertises that its smartphones, including the Moto Razr+, include "Portrait Mode" digital video functionality. Ex. 27                                   (https://www.motorola.com/us/en/p/phones/razr/razr-plus-gen-2/pmipmgs38mh?pn=PB2J0010US). Lenovo also instructs its customers and end users on how

to configure and use the Accused Products in an infringing manner, including through instructions on how to use the Portrait Mode video functionality on Lenovo smartphones and tablets.  Ex. 40 (https://en-us.support.motorola.com/app/answers/detail/a_id/180888/~/record-videos---motorola-razr%2B---2024).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '961 Patent, thereby specifically intending for and inducing its customers to infringe the '961 Patent through the customers' normal and customary use of the Accused Products.

90.    Lenovo has also infringed, and continues to infringe, one or more claims of the '961 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '961 Patent, are especially made or adapted to infringe the '961 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of August 24, 2023 (or at least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '961 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '961 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's smartphones with Portrait Mode video mode constitute a material part of the inventions claimed in the '961 Patent, are especially made or adapted to infringe the '961 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 39.

91.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '961 Patent pursuant to 35 U.S.C. § 271.

92.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 because Plaintiff, any predecessor assignees to the '961 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '961 Patent during the relevant time period or were not required to mark during the relevant time period.

93.     As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least August 24, 2023, but has not ceased its infringing activities.  Lenovo's infringement of the '961 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '961 Patent by way of this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

94.     As a result of Lenovo's direct and indirect infringement of the '961 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

<u>**COUNT VII**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 11,457,149**</u>

95.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

96.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,457,149, titled

"Method and apparatus for capturing digital video."  The '149 Patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2022.  A true and correct copy of the '149 Patent is attached as Exhibit 41.

97.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Moto Edge+, Moto Edge+ 5G, Moto Edge+ 5G (UW), Moto Edge 5G UW, Moto Edge 30 Fusion, Moto Edge, Moto Edge S, Moto Razr+, Moto Razr, Moto G Power 5G, Moto G 5G, Moto G Stylus, Moto G Stylus 5G, Moto ThinkPhone, Moto One Vision, Moto One Zoom, Moto One Hyper, Moto One, Moto Fusion+, Moto One Action, Moto One 5G Ace, Moto One 5G, Moto Z3 Play, Moto Z4, Moto G Play, Moto G7 Play, Moto G Fast, Moto G20, Moto G32, Moto G100, Moto G Pure, Moto G Power, Moto G5, Moto G5+, Moto G6, Moto G6+, Moto G7, Moto G7+, Moto G8, Moto G8+, Moto E, Moto E5, Moto E6, Lenovo Tab M10 HD, Lenovo Tab M8 HD, Lenovo Tab M7, Lenovo Tab M8, Lenovo Tab M8 FHD, Lenovo Tab M10 Plus, Lenovo Smart Tab M10 Plus, Lenovo Smart Tab M10 FHD, Lenovo Tab E10, Lenovo Chromebook Duet, Lenovo Yoga, Lenovo Duet, Lenovo Tab P12 Pro, Lenovo Tab P11 Pro, Lenovo Tab P11 Plus, and Lenovo Tab P11 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '149 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

98.     The Accused Products satisfy all claim limitations of one or more claims of the '149 Patent.  A claim chart comparing exemplary independent claim 21 of the '149 Patent to representative Accused Products is attached as Exhibit 42.

99.     Lenovo has notice of the '149 Patent since at least August 24, 2023, when Clear Imaging sent Lenovo a notice letter indicating that certain Lenovo products required a license to

Clear Imaging's patents (including the '149 Patent).  Clear Imaging and Lenovo held calls and exchanged various communications thereafter.

100.    Lenovo knowingly and intentionally induces infringement of one or more claims of the '149 Patent in violation of 35 U.S.C. § 271(b).  As of August 24, 2023 (or at least as of the time of the filing and service of this complaint), Lenovo obtained knowledge of the '149 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '149 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 42) to use the Accused Products in ways that directly infringe the '149 Patent.  For example, Lenovo advertises that its smartphones and tablets, such as the Moto G 5G, include "Portrait Mode" digital camera functionality.    Ex.  35    (https://www.motorola.com/us/en/p/phones/moto-g/g-power-5g-gen-2/pmipmgh35m7?pn=PB000013US); Ex. 36 (https://www.lenovo.com/us/en/glossary/portrait-mode/).  Lenovo also instructs its customers and end users on how to configure and use the Accused Products in an infringing manner, including through instructions on how to use "Portrait Mode" on Lenovo smartphones and tablets.   Ex. 37 (https://en-us.support.motorola.com/app/answers/detail/a_id/178440/~/taking-photos---moto-g-5g).      Lenovo    provides    these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '149 Patent, thereby specifically intending for and inducing its customers to infringe the '149 Patent through the customers' normal and customary use of the Accused Products.

101.    Lenovo has also infringed, and continues to infringe, one or more claims of the '149 Patent by selling, offering for sale, or importing into the United States, the Accused

Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '149 Patent, are especially made or adapted to infringe the '149 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of August 24, 2023 (or at least as of the time of filing and service of this complaint), Lenovo obtained knowledge of the '149 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '149 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components and functionality in Lenovo's smartphones and tablets with "Portrait Mode" constitute a material part of the inventions claimed in the '149 Patent, are especially made or adapted to infringe the '740 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 42.

102.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '149 Patent pursuant to 35 U.S.C. § 271.

103.    On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, any predecessor assignees to the '149 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '149 Patent during the relevant time period or were not required to mark during the relevant time period.

104.    As described above, Lenovo obtained knowledge of Lenovo's patent portfolio and that certain Lenovo products infringe Clear Imaging's patents as of at least August 24, 2023, but has not ceased its infringing activities.  Lenovo's infringement of the '149 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '149 Patent by way of

this complaint and, to the extent it does not cease its infringing activities, its infringement is and continues to be willful and deliberate.

105.    As a result of Lenovo's direct and indirect infringement of the '149 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that Lenovo has infringed, either literally and/or under the doctrine of equivalents, the '788, '450, '587, '484, '740, '961, and '149 Patents;

b.    A judgment and order requiring Lenovo to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Lenovo's infringement of the '788, '450, '587, '484, '740, '961, and '149 Patents;

c.    A judgment that Lenovo's infringement of the '788, '450, '587, '484, '740, '961, and '149 Patents has been willful and order requiring Lenovo to pay treble damages for willful infringement;

d.    A judgment and order requiring Lenovo to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e.    A judgment and order requiring Lenovo to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

f.    A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Lenovo; and

g.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  February 26, 2025                    Respectfully submitted,

                                             */s/ Brett E. Cooper*
                                             Brett E. Cooper (NY SBN 4011011)
                                             bcooper@bclgpc.com
                                             Seth Hasenour (TX SBN 24059910)
                                             shasenour@bclgpc.com
                                             Jonathan Yim (NY SBN 5324967)
                                             jyim@bclgpc.com
                                             Drew B. Hollander (NY SBN 5378096)
                                             dhollander@bclgpc.com
                                             Scott Kolassa (NY SBN 4308409)
                                             skolassa@bclgpc.com

                                             **BC LAW GROUP, P.C.**
                                             200 Madison Avenue, 24th Floor
                                             New York, NY 10016
                                             Phone: 212-951-0100

                                             ***Attorneys for Plaintiff Clear Imaging Research,
                                             LLC***